UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN YUNG,

                Petitioner,

-against-

NYC MAYOR ADAMS, ET AL.,

                Respondents.

24-CV-3153 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently detained at the Otis Bantum Correctional Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus*. Petitioner challenges his detention, pursuant to criminal proceedings pending in the New York Supreme Court, Kings County. For the following reasons, this petition is transferred to the United States District Court for the Eastern District of New York.

    A court entertaining a petition for a writ of *habeas corpus* must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (explaining that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained at Rikers Island, which is located in the East River between Bronx and Queens Counties and is generally understood to be concurrently a part of both the Southern and Eastern Districts of New York. *See* 28 U.S.C. § 112(b)-(c); *see also Jones v. Dunbar*, No. 21-CV-6036 (PKC) (E.D.N.Y. Nov. 4, 2021) (ECF 7 at 2) ("[B]oth the Southern and Eastern Districts have jurisdiction to hear *habeas* petitions from people incarcerated at Rikers" Island).

Petitioner's criminal proceedings are pending in the Supreme Court of the State of New York, Criminal Court, Kings County under case number IND-71296-23/001. Because Petitioner's criminal proceedings are in Kings County, which is in the Eastern District of New York, 28 U.S.C. § 112(c), the Court transfers this petition, in the interest of justice, to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[1] This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 25, 2024
        New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

[1] Petitioner did not pay the filing fee or submit an application to proceed *in forma pauperis*.